UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Randall Olson,

               Plaintiff,

v.

United States of America, et al.,

               Defendants.

Court File No. 15-cv-1493 (DWF/LIB)

**ORDER AND
REPORT AND RECOMMENDATION**

---

This matter comes before the undersigned United States Magistrate Judge upon Defendant the United States of America's Motion to Dismiss, [Docket No. 10]; and Plaintiff's Motion to Add Defendant, [Docket No. 24]. On March 31, 2015, the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, referred all dispositive and non-dispositive motions to the undersigned Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(C). (Order of Reference [Docket No. 15]). The Court held a motions hearing on June 10, 2015, and the Court took the parties' motions under advisement. For reasons discussed herein, the Court recommends **GRANTING** Defendant the United States of America's Motion to Dismiss, [Docket No. 10]; and the Court **DENIES** Plaintiff's Motion to Add Defendant, [Docket No. 24].

I.  **BACKGROUND**

Plaintiff Randall Olson ("Plaintiff"), *pro se*, initiated the present case on or about February 17, 2015, by filing a Statement of Claim and Summons in Norman County Conciliation Court, State of Minnesota. (Statement of Claim and Summons [Docket No. 1-1]). On March 13, 2015, the United States of America[1] removed the present case from Minnesota's Ninth Judicial

---

[1] The United States replaced originally-named Defendant Randall Tufton, a United States employee acting within the scope of his employment with the Farm Service Agency, on March 25, 2015, pursuant to 28 U.S.C. § 2679(d). (Order [Docket No. 9]).

District (Norman County) to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 2679(d)(2) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA). (Notice of Removal [Docket No. 1], ¶¶ 1, 4, 5).

Plaintiff alleges that Randall Tufton forged documents and assisted Defendant Peter Revier in defrauding Plaintiff of pasture rent: "Defendant [Tufton] took a legal signed document from 2012, changed the document in 2014 by forging Peter Revier's name on this forged fraudulent document in an attempt to defraud me of my payment Defendant [Revier] owes me pasture rent of [$900]." (Statement of Claim and Summons [Docket No. 1-1]). Plaintiff alleges approximately $3800.00 in damages. (Id.)

The present record before the Court indicates that Plaintiff's claims arise from the following underlying events. On April 23, 2014, and August 5, 2014, Plaintiff applied for 2012 Livestock Forage Program (LFP) benefits at the Norman County, Minnesota FSA office. (Schafer Aff. [Docket No. 13], ¶ 5). However, Plaintiff's applications did not include sufficient documentation to support his reported livestock inventory. (Id.) The FSA requested Plaintiff provided additional information/documentation to support the livestock inventory data included in his LFP applications; Plaintiff provided documentation but the documents did not support the livestock inventory data contained in the LFP applications. (Id.) Plaintiff's applications also contained statements regarding his status as a "contract grower of cattle" and that Peter Revier and Jeremy Refshaw rented Plaintiff's grazing land for the 2012 crop year to maintain their cattle. (Id. ¶ 6). The FSA also requested additional information from Plaintiff to support *these* statements, but Plaintiff never provided adequate information. (Id.) The FSA ultimately denied Plaintiff's LFP benefits applications, as a result of his failure to provide sufficient information to support his application. (Id. ¶ 7).

Plaintiff filed an appeal with the National Appeals Division (NAD), pursuant to 7 U.S.C. § 6996, on March 2, 2015, *after* commencing the present case in Norman County Conciliation Court. (Id. ¶ 8). The NAD hearing took place on April 14, 2015. (Id.; Supplemental Exhibit [Docket No. 29], at 1). The NAD issued its Appeal Determination on May 12, 2015, holding that the FSA's decision was not in error. (Supplemental Exhibit [Docket No. 29], at 1). Because Plaintiff received an adverse ruling, he has also had the opportunity to appeal to the Director of NAD no later than thirty (30) days after the hearing officer's determination. (Id. at 7; Schafer Aff. [Docket No. 13], ¶ 9).

## II.    THE UNITED STATES OF AMERICA'S MOTION TO DISMISS, [DOCKET NO. 10]

The United States moves the Court for an order dismissing Plaintiff's claims as alleged against the United States for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). (Mot. to Dismiss [Docket No. 10]). The United States argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has not exhausted his administrative remedies under the FTCA. The FTCA requires Plaintiff to have first presented his claim to the appropriate federal agency, "and his claim shall have been finally denied by the agency in writing," before the United States statutorily waives its sovereign immunity. (Gov't Mem. [Docket No. 12], at 5) (quoting 28 U.S.C. § 2675(a)). In response, Plaintiff has submitted an "objection," arguing that the present motion is "just another scheme," and demanding that the Court "proceed no further" with the present motion. (Pl.'s Objection [Docket No. 19]).

### A.    Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction and prompts the Court to examine

whether it has the authority to decide the claim(s). <u>Uland v. City of Winsted</u>, 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008). "A court must dismiss an action over which it lacks subject matter jurisdiction." <u>Pomerenke v. Bird</u>, No. 12-cv-1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)).

A Rule 12(b)(1) motion may challenge the sufficiency of a pleading on its face or the factual truthfulness of its allegations. See <u>Titus v. Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993); <u>Osborn v. United States</u>, 918 F.2d 724, 729, n.6 (8th Cir. 1990). In the event the motion challenges the pleading's factual allegations, courts may consider materials outside of the pleadings, and no presumptive truthfulness attaches to the pleading's factual allegations. <u>Osborn</u>, 918 F.2d at 729-30, n.6.

**B.    Analysis**

The FTCA, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, serves as the United States' exclusive waiver of sovereign immunity for actions sounding in tort. See <u>Primeaux v. United States</u>, 181 F.3d 876, 878 (8th Cir. 1999) ("The FTCA is a limited waiver of the federal government's sovereign immunity."), <u>cert. denied</u>, 528 U.S. 1154 (2000). "To bring a claim under the FTCA, a party must fully comply with all of the conditions and requirements prescribed by the Act." <u>Jackson v. Fed. Bureau of Prisons</u>, No. 06-cv-1347 (MJD/RLE), 2007 WL 843839, at *15 (D. Minn. Mar. 16, 2007) (citing <u>Bellecourt v. United States</u>, 994 F.2d 427, 430 (8th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1109 (1994)). The FTCA provides, in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment**, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.**

28 U.S.C. § 2675(a) (emphasis added). The statutory language is clear that a party cannot bring a lawsuit against the United States under the FTCA without first exhausting his or her administrative remedies, namely, by presenting a written claim for relief to "the appropriate Federal agency" and receiving a final denial. See Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002) ("Although the Federal Tort Claims Act creates several exceptions to the United States' sovereign immunity, it requires the claimant to first 'present[ ] the claim to the appropriate Federal agency.'"); see also McCoy v. United States, 264 F.3d 792, 794 (8th Cir. 2001) ("An action may not be commenced in federal court under the FTCA unless the plaintiff has first presented his claim to the appropriate federal agency, and that claim has been denied."), cert. denied, 535 U.S. 1053 (2002). Administrative exhaustion is a *jurisdictional requirement*: "[i]n accordance with longstanding Supreme Court precedent, § 2675(a) is properly viewed as defining the federal courts' jurisdiction to entertain FTCA suits." Mader v. United States, 654 F.3d 794, 807 (8th Cir. 2011)

 In the present case, it appears that Plaintiff appealed the initial adverse decisions to the NAD, pursuant to 7 U.S.C. § 6996 ("Subject to subsection (b) of this section, a participant shall have the right to appeal an adverse decision to the Division for an evidentiary hearing by a hearing officer consistent with section 6997 of this title."). Plaintiff may appeal (and possibly has already appealed) the hearing officer's decision(s) for review under 7 U.S.C. § 6998. "If the determination is not appealed to the Director for review under section 6998 of this title, the notice provided by the hearing officer shall be considered to be a notice of an administratively final determination." 7 U.S.C. § 6997(d); 7 C.F.R. § 11.8(f). "A final determination of the Division shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of Title 5." 7 U.S.C. § 6999.

Plaintiff's requisite "final determination" will be either (1) the hearing officer's May 12, 2015, decision following the April 14, 2015, hearing; or (2) the NAD Director's decision (in the event Plaintiff *did* appeal the hearing officer's decision).

**In any event, Plaintiff did <u>not</u> receive a "final determination" prior to initiating the present suit.**

An FTCA lawsuit commenced prior to resolution of administrative claim, in violation of the requirement that exhaustion of administrative remedies *precede the lawsuit*, does not overcome the administrative exhaustion requirement even if the plaintiff receives a "final determination" after commencing the suit but before resolution on the merits. <u>McNeil v. United States</u>, 508 U.S. 106, 112-113 (1993) (specifically *rejecting* the position that "[a]s long as no substantial progress has been made in the litigation by the time the claimant has exhausted his administrative remedies, the federal agency will have had a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation" and adopting the bright-line rule that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). The <u>McNeil</u> Court explicitly refused to find that an FTCA suit began, so to speak, on the date a plaintiff meets the administrative exhaustion requirements: "Federal Tort Claims Act provision that an action shall not be instituted until administrative remedies have been exhausted was not satisfied by claimant who submitted claim to agency, and received notice of rejection after filing complaint but before any substantial progress had taken place in litigation." <u>Id.</u>

The Court finds that Plaintiff did <u>not</u> exhaust his administrative remedies <u>prior</u> to filing the present suit. Accordingly, the Court does not have jurisdiction over Plaintiff's claims as

alleged against the United States, and the Court recommends **GRANTING** Defendant's Motion to Dismiss, [Docket No. 10].

Additionally, because only state tort law claims as alleged against Defendant Revier remain, the Court recommends declining to exercise supplemental jurisdiction over these claims, and it recommends remanding Plaintiff's remaining claims against Revier to the Norman County Conciliation Court.[2]

### III.   PLAINTIFF'S MOTION TO ADD DEFENDANT, [DOCKET NO. 24]

Plaintiff appears to be under the impression that because Glenn Schafer, Executive Officer in the Minnesota Farm Service Agency state office and affiant in support of the Government's motion to dismiss, referred to a Jeremy Refshaw, that this individual ought to be deemed to have been made a Defendant in the present case. (Pl.'s Mot. to Add Defendant [Docket No. 24], at 1). The record does not reflect this to be the case. At the June 10, 2015, motions hearing, the United States affirmatively represented that it has not added, nor does it intend to add, Mr. Refshaw as a third party to the present case. Plaintiff himself has not affirmatively moved to join any new party as a Defendant in the present case; rather, it appears that Plaintiff is under the *mistaken impression* that the United States has added a new Defendant to the present case and that the caption should be appropriately amended. Regardless, in light of the fact that the Court recommends granting the United States' Motion to Dismiss and to remand Plaintiff's remaining claims, the Court **DENIES** Plaintiff's Motion to Add Defendant, [Docket No. 24], as moot.

---

[2] Supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) by a federal court over state law claims may be exercised at the discretion of the district court. Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009) (stating that federal courts should exercise judicial restraint and avoid state law issues whenever possible).

### IV. CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**THE COURT HEREBY RECOMMENDS:**

1. That Defendant the United States of America's Motion to Dismiss, [Docket No. 10], be **GRANTED**;

2. That the present case as alleged against the United States of America be **DISMISSED without prejudice**; and

3. That Plaintiff's remaining state tort law claims as alleged against Defendant Peter Revier be **REMANDED** to the Norman County Conciliation Court.

**THE COURT HEREBY ORDERS:**

That Plaintiff's Motion to Add Defendant, [Docket No. 24], is **DENIED** as moot.

Dated: July 8, 2015                                  s/Leo I. Brisbois
                                                     Leo I. Brisbois
                                                     U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.